UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------

| | | |
|---|---|---|
| PLUMBERS, PIPEFITTERS AND APPRENTICES LOCAL NO. 112 PENSION FUND, by Wayne Howard and Daniel Crocker, as Trustees, | ) ) ) | **COMPLAINT** |
| Plaintiffs, | ) ) ) | 3:18-CV-198[LEK/DEP] |
| v. | ) ) ) | Civil Action No.: |
| K&S PLUMBING, HEATING & AIR, INC., KARL M. ESCHBACH d/b/a K&S PLUMBING, HEATING & AIR, AND KARL M. ESCHBACH, Individually, | ) ) ) ) | _____ |
| Defendants. | ) | |

---------------------------------------------------------------------------------------

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

## I. JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of 1974 [hereinafter the "Act"] [29 U.S.C. §1001 et seq.], as amended by the Multi-Employer Pension Plan Amendments Act of 1980 [hereinafter "MPPAA"] [29 U.S.C. §1381, et seq.]. It is an action by a fiduciary of employee benefit plans for monetary and injunctive relief to redress violations of Sections 4219 and 4221 of the Act [29 U.S.C. §1399 and §1401].

2.      Jurisdiction is conferred on this Court by §4301 of the Act [29 U.S.C. §1451], without respect to the amount in controversy or the citizenship of the parties, as provided in §4301(2)(c) of the Act [29 U.S.C. § 1451(2)(c)].

{B0033370.1}

3.     Venue is established in this Court by §4301(2)(d) of the Act [29 U.S.C. §1451(2)(d)]. It is an action brought in the district where the plan is administered and where the breach took place.

## II. DESCRIPTION OF THE PARTIES

4.     Plaintiffs Wayne Howard and Daniel Crocker are Trustees of the Plumbers, Pipefitters and Apprentices Local No. 112 Pension Fund [hereinafter "Plan", "Fund" or "Pension Fund"]. Wayne Howard and Daniel Crocker are fiduciaries of the Pension Fund as defined in ERISA Section 3(14)(A) of the Act [29 U.S.C. §1002(14)(A)].

5.     The Plan, established pursuant to a collective bargaining agreement, is a multi-employer plan, as defined in §3(37) of the Act [29 U.S.C. §1002(37)], and is an employee benefit plan, as defined in §3(3) of the Act [29 U.S.C. §1002(3)] and §4001(a)(3) of the Act [29 U.S.C. §1301(a)(3)]. The Plan is administered within the Northern District of New York at 11 Griswold Street, Binghamton, New York 13904.

6.     Upon information and belief, Defendant K&S Plumbing, Heating & Air, Inc. [hereinafter "Defendant Corporation" or "Defendant K&S Plumbing"] is a Corporation incorporated under the laws of the State of New York, having its principal place of business and offices located at 329 Water Street, Binghamton, New York 13901.

7.     Upon information and belief, Defendant Karl M. Eschbach ["Defendant Eschbach"] resides at 280 Russell Road, Montrose, Pennsylvania 18801 and, at all relevant times herein, was a sole proprietor doing business in the State of New York as Defendant K&S Plumbing, Heating & Air with a principal office and place of business at business at 329 Water Street, Binghamton, New York 13901.

{B0033370.1}                                          2

8.     The Defendants are employers in an industry affecting commerce, all as defined in §3(5)(11) and (12) of the Act [29 U.S.C. §1002(5)(11) and (12)].  The Defendants are also employers of employees covered by an employee benefit plan and multi-employer plan maintained pursuant to collective bargaining agreements, all as defined in §3(3) and (37) of the Act [29 U.S.C. §1002(3) and (37)] and §4001(a)(3) of the Act [29 U.S.C. §1301(a)(3)], and are obligated to make contributions to the Plan in accordance with §515 of the Act [29 U.S.C. §1145] and §4212 of the Act [29 U.S.C. §1392].

### III. FIRST CAUSE OF ACTION

9.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "8" inclusive of this Complaint as if set forth fully at this point.

10.    Section 4201(a) of the Act [29 U.S.C. §1381(a)] provides that:

> If an employer withdraws from a multi-employer
> plan in a complete withdrawal or a partial
> withdrawal, then the employer is liable to the plan
> in the amount determined under this part to be the
> withdrawal liability.

11.    Section 4219(c)(2) of the Act [29 U.S.C. §1399(c)(2)] provides that:

> Withdrawal liability shall be payable in accordance
> with the schedule set forth by the plan sponsor
> under subsection (b)(1) of this section beginning
> no later than sixty (60) days after the date of the
> demand notwithstanding any request for review or
> appeal of determinations of the amount of such
> liability or of the schedule.

12.     At all times relevant herein, the Defendants were party to a collective bargaining agreement with Local Union 112 of the United Association of Journeyman and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada [hereinafter "Union"] [hereinafter "CBA"].

13.     Pursuant to the CBA, the Defendants were bound by the terms and conditions, rules and regulations of the Restated Agreement and Declaration of Trust of the Plumbers, Pipefitters and Apprentices Local No. 112 Pension Fund, the Plumbers, Pipe Fitters and Apprentices Local No. 112 Pension Fund Collections Policy, and the Plumbers, Pipe Fitters and Apprentices Local No. 112 Pension Fund Withdrawal Liability Policy [hereinafter "Trust", "Collections Policy", and "Withdrawal Liability Policy"].

14.     The CBA, Trust, and Collections Policy obligate the Defendants to remit contributions to multi-employer plans.

15.     The CBA provided that Defendants would pay stipulated amounts to the following multi-employer plan for each hour each of their employees worked:

Pension Fund

16.     In or about 2010, Defendants' CBA terminated and Defendants ceased remitting contributions to the Plan.

17.     On and after termination of the CBA, Defendants continued to perform work in the jurisdiction of the Union and of the CBA and such work was of the type for which contributions were previously required to be remitted to the Pension Fund, all in accordance with Section 4203(b)(2) of MPPAA, 29 U.S.C. Section 1383(b)(2).

18.     On June 29, 2012, the Pension Fund sent Defendants notice that their withdrawal liability amounted to $78,956.00.  The Pension Fund further notified Defendants that such withdrawal liability with interest was to be paid in seven (7) quarterly payments of $10,564.75, commencing July 1, 2012, with a second quarterly payment on October 1, 2012 in the amount of $10,564.75, the third payment to be made on January 1, 2013 in the amount of $10,564.75, and quarterly payments thereafter of $10,564.75, with a final payment of $7,754.75 due April 1, 2014.

19.     Defendant received the notice on July 2, 2012 and, thereafter, the Defendants, via letter of July 24, 2012, appealed the Plaintiff's assessment of withdrawal liability, which appeal was denied by the Plaintiff on September 13, 2012.

20.     Defendants did not challenge the Plaintiff's denial of their appeal and did not initiate arbitration proceedings as required by the Multi-Employer Pension Plan Amendments Act of 1980; the time to do so has expired.

21.     On September 20, 2013, Defendants executed an Affidavit and Stipulation (Confession) for Entry of Judgment, admitted that they owed the $78,956.00 in withdrawal liability, and confessed to judgment in the amount of $61,258.36, plus interest from July 1, 2013, less payments, plus attorneys' fees and costs incurred since August 16, 2013.

22.     Under the Affidavit and Stipulation (Confession) for Entry of Judgment, Defendants agreed to remit $60,909.10 to Plaintiffs in twenty-one (21) quarterly installment payments in partial satisfaction of their debt.

23.     Under the Affidavit and Stipulation (Confession) for Entry of Judgment, Defendants agreed that if, among other things, they failed to timely remit any of the installment payments, Plaintiffs could file the Affidavit and Stipulation with the United States District Court, Northern District of New York and with the Clerk of the United States District Court for the Northern District of New York, and a judgment could be taken against them for: (a) $61,258.36, less payments ; plus (b) interest from July 1, 2013; plus (c) the attorneys' fees and costs incurred since August 16, 2013.

24.     Defendants remitted $51,000.00 pursuant to the terms of the Affidavit and Stipulation (Confession) for Entry of Judgment.

25.     Defendants have defaulted on the terms and conditions of the Affidavit and Stipulation (Confession) for Entry of Judgment as defined at paragraph 11 of the Affidavit and Stipulation (Confession) for Entry of Judgment.

26.     Defendants are in default since they have not remitted the $3,000.00 installment payment that was due on October 1, 2017 and the $2,663.98 installment payment that was due on January 1, 2018.

27.     On October 5, 2017 and January 24, 2018, Plaintiff gave Defendants notice of their default and an opportunity to cure, all as required by the Affidavit and Stipulation (Confession) for Entry of Default.

28.     Defendants have not cured their default and have not remitted their quarterly withdrawal liability payments of $5,663.98 ($3,000.00 + $2,663.98) which were due and payable on October 1, 2017 and January 1, 2018.

29.     Pursuant to the Affidavit and Stipulation (Confession) for Entry of Judgment, the CBA, the Restated Agreement and Declaration of Trust of the Plumbers, Pipefitters and Apprentices Local No. 112 Pension Fund, the Plumbers, Pipefitters and Apprentices Local No. 112 Pension Fund Collections Policy, the Plumbers, Pipefitters and Apprentices Local No. 112 Pension Fund Withdrawal Liability Policy, 29 U.S.C. §1132(g)(2), 29 U.S.C. §1145, 29 U.S.C. §1399(c)(5) and 29 U.S.C. §1451(b), since Defendants have failed to timely remit their withdrawal liability payments, they are liable for the outstanding withdrawal liability payments of $9,909.10 ($60,909.10 - $51,000.00) plus interest thereon from July 1, 2013, at the rates prescribed by PBGC regulations at 29 C.F.R. 4219, plus the $9,671.70 in liquidated damages equal to twenty percent (20%) of the $48,358.48 withdrawal liability, plus the costs and fees of collection and attorneys' fees.

30.     The Defendants owe $19,580.80 ($9,909.10 + $9,671.70) plus interest, attorneys' fees and costs.

31.     The Defendants have not paid the $19,580.80 and have not paid the applicable interest, costs and fees of collection and attorneys' fees due and owing in connection with its delinquency.

32.     By virtue of their default, the Defendants are liable for and the Pension Fund is entitled to entry of judgment in the amount of  $19,580.80, plus interest thereon from July 1, 2013, at the rate prescribed by PBGC regulations, plus the cost and fees of collection and attorneys' fees incurred by Plaintiff since August 16, 2013.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants for $19,580.80 plus

interest thereon from July 1, 2013, at the rate prescribed by PBGC regulations, plus attorneys'

fees, costs and disbursements since August 16, 2013 and such other appropriate legal or

equitable relief as the Court may deem just.

DATED:  February 15, 2018

BLITMAN & KING LLP

By:

Jennifer A. Clark, of Counsel
Bar Roll No. 101356
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone:  (315) 422-7111
Facsimile:  (315) 471-2623
E-Mail:  jaclark@bklawyers.com