UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PLUMBERS, PIPEFITTERS AND
APPRENTICES LOCAL NO. 112
PENSION FUND,

                Plaintiff,

   -against-                                     3:18-CV-0198 (LEK/DEP)

K&S PLUMBING, HEATING & AIR, INC.,
*et al.*,

                Defendants.

## DECISION AND ORDER

In this case, two trustees on behalf of plaintiff Plumbers, Pipefitters and Apprentices Local No. 112 Pension Fund sought to recover payments allegedly owed them by K&S Plumbing, Heating & Air, Inc. and Karl M. Eschbach (collectively, "Defendants") under a collective bargaining agreement, related contracts, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Dkt. No. 1 ("Complaint"). On May 14, 2018, the Court dismissed the case with the agreement of the parties. Dkt. No. 9 ("Stipulation of Settlement").

The Stipulation of Settlement required Defendants to pay Plaintiff $23,445.50 plus amortized interest in twenty-four monthly installments commencing on April 16, 2018. Stipulation of Settlement ¶ 1. Defendants agreed that if they breached the Stipulation of Settlement by failing to timely remit those payments, the Court would enter judgment against them without notice for the sum of $22,395.35, less payments already made under the settlement agreement, plus interest from July 1, 2018 and attorneys' fees and costs from March 20, 2018 onward. Id. ¶¶ 3–4. The Stipulation of Settlement further provided the parties "the right to reopen

the action to obtain compliance with the terms of the Stipulation and to . . . allow Plaintiff[] to . . . proceed with entry of judgment against the Defendants in accordance with the terms and conditions of this Stipulation." Id. ¶ 9. The Court retains jurisdiction to enforce the Stipulation of Settlement and resolve any motion to reopen and enter judgment in accordance with it. Id. ¶ 8.

On April 18, 2019, Plaintiff moved to reopen this case and enforce the Stipulation and Settlement. Dkt. No. 11 ("Motion to Reopen"). Plaintiff alleges that Defendants failed to timely remit payments due on September 16, 2018, October 16, 2018, and November 16, 2018 totaling $2,930.67. Mot. Reopen at 2; Dkt. No 11-1 ("VanAuken Affidavit") ¶ 6; Dkt. No. 11-2 ("Clark Affidavit") ¶ 7.[1] It also alleges Defendants never remitted the payments due on December 16, 2018, January 16, 2019, February 16, 2019, March 16, 2019, and April 16, 2019, totaling $4,884,45. Mot. to Reopen at 2–3; VanAuken Aff. ¶ 7; Clark Aff. ¶ 8. Although Plaintiff fails to clarify, the Court construes Plaintiff's Motion to Reopen to concede that Defendants timely paid installments due between April 16, 2018 and August 26, 2018 since Plaintiff states it has received $7,815.12 worth of payments. VanAuken Aff. ¶ 11, Clark Aff. ¶ 9.[2] Plaintiff seeks judgment against Defendants in the amount of $17,166.86, i.e., $22,395.35 - $7,815.12

---

[1] Admittedly, it is not clear from Plaintiff's briefing that Defendants actually untimely paid their November 16, 2018 installment. Plaintiff observes, "On or about November 8, 2018, Defendants untimely remitted $2,930.67 that was due by September 16, 2018 and October 16, 2018; the September 2018 payment was 53 days late and the October 2018 payment was 23 days late." VanAuken Aff. ¶ 6. This statement suggests that Defendants actually paid the November 16, 2018 payment in advance. Even if Defendants' November 16, 2018 payment was timely, it does not change the Court's conclusion, as discussed further below, that Defendants breached the Stipulation of Settlement by failing to timely make the September 16, 2018 and October 16, 2018 payments and by failing to make the December 16, 2018, January 16, 2019, February 16, 2019, March 16, 2019, and April 16, 2019 payments altogether. See Stipulation of Settlement ¶¶ 3–4.

[2] $7,815.12= $976.89 * 8 (one for each installment payment made between April 16, 2018 and November 16, 2018).

(payments already made) + $313.28 (interest from July 1, 2018 onward) + $2,273.35 (attorneys' fees and costs incurred by Plaintiff since March 20, 2018). Mot. to Reopen at 3–4; Clark Aff. ¶¶ 10–15; Exs. C–D.

Where, as here, the Court "makes the parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal . . . by separate provision (such as a provision retaining jurisdiction over the settlement agreement) . . .[,] the proper forum for litigating a breach is that same federal court." In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011) (citations and internal quotation marks omitted). A "district court ha[s] not only the power but the duty to enforce a settlement agreement which it ha[s] approved," Meetings and Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974), including by entering judgment according to the terms of the agreement, Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005).

The response date for opposing the Motion to Reopen was May 21, 2019. Dkt. No. 11. Defendants have had over nine months to respond to the Motion to Reopen, but have failed to do so. "In this district, a party that fails to oppose a facially meritorious motion is deemed to consent to the motion." Upstate New York Engineers Health Fund v. Casale Constr. Servs., Inc., No. 17-CV-253, 2018 WL 4941778, at *1 (N.D.N.Y. Oct. 12, 2018) (Kahn, J.) (citing Clark v. Bell, No. 15-CV-304, 2016 WL 4398963, at *3 (N.D.N.Y. June 30, 2016), report and recommendation adopted sub nom. Clark v. T. Bell, C.O., Riverview Corr. Facility, No. 15-CV-304, 2016 WL 4386018 (N.D.N.Y. Aug. 17, 2016)) (granting a motion to reopen a case to enforce a settlement agreement after four months had elapsed without a response from the defendants).

Therefore, having reviewed the Motion to Reopen and attached affidavits and exhibits, the Court "concludes that Defendants have breached the Stipulation of Settlement and that Plaintiffs are entitled to the relief they seek." Id. at *2.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to Reopen (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that this action is **REOPENED**; and it is further

**ORDERED**, that judgment for Plaintiff shall enter in the amount of $17,166.86, which shall bear interest at the rate provided for by 28 U.S.C. § 1961(a) from the date judgment is entered; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 31, 2020
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge